UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELMIRA YOUNG,

    Plaintiff,

v.

KAREN MILLER, Union President for OU, the
Department of Community Health Specialist,

    Defendant.
_____/

Case No. 12-13868

Honorable Nancy G. Edmunds

**ORDER OF DISMISSAL**

Plaintiff filed a "complaint" and cover sheet on August 31, 2012, against Karen Miller, whom she identifies as "Union President for OU, the department of community health specialist. Plaintiff attaches, among other documents, an Order of Dismissal from Case No. 46114068, Docket No. 2012-63935 MCE, State of Michigan, Michigan Administrative Hearing System for the Department of Community Health, that identifies Ms. Karen Miller as a "medical exception specialist," who represented the "Department" in Plaintiff's request for an administrative hearing. The Order of Dismissal provides that:

> Upon taking testimony and after taking the Department's motion to dismiss under advisement, it was apparent that the Appellant, Ms. Young, had Medicare as her primary insurance with Medicaid as her secondary insurance. She had no desire to enroll in a Medicaid Health Plan. Enrollment in the MHP ended on July 31, 2012 – the Appellant is not in that population subject to mandatory enrollment in a MHP.
>
> No negative action had been undertaken by the Department.
>
> Accordingly, a resolution having been reached prior to hearing and after careful consideration of the testimony and the evidence submitted in this matter it is

> clear that the Administrative Law Judge is without jurisdiction to adjudicate this matter.
>
> The Appellant's primary insurance is Medicare with Medicaid as her secondary coverage. There has been no termination, reduction or suspension of any Medicaid covered service.
>
> The Appellant is a duly enrolled participant. The Department's motion to dismiss is granted.

(Pl.'s 8/31/12 Compl., Order of Dismissal.)

> The following consists of all the allegations in Plaintiff's complaint:
>
> Pursuant to federal civil judicial procedure and rules 28 & 1447c. A motion to remand the case on the basis of and defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). Young vs Karen Miller, MCL 400.9 and 42 CFR 431.2000 et seq. Pursuant to federal civil judicial procedure and rules 28 & 2680 any claim arising out of assault, battery, false imprisonment, false arrest, battery, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: 1346(b) tort claims procedure Young vs MDCH 2012-15169. Pursuant to federal civil judicial procedure and rules 28 & 2680(2) the interest of the claimant was not forfeited. Brown vs Board of Education. Pursuant to federal civil judicial procedure and rules 28 245 with respect to wrongful seizure. Young vs MDCH 2012-15169; Judge Meade. Appellant order was misleading from the case dismissed. The wording "is not" of population. Appellant "was not" of population as well. Brown vs Board of Education. Pursuant to 28 & 1605(A)(3) [Hostages]. Property taken in violation of international law. Admiralty 28 & 2461 Section - 2(a) Findings. Cost of living adjustments of civil monetary penalties secs. (6), 28, 1491 liquidated damages.

(Pl.'s Complt.)

As observed by the Sixth Circuit, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The Court finds that Plaintiff's complaint is, on its face, totally implausible, frivolous and devoid of merit. Accordingly, the Court

hereby **DISMISSES** this action pursuant to Rule 12(b)(1).

    **SO ORDERED.**


        s/Nancy G. Edmunds_____
        Nancy G. Edmunds
        United States District Judge

Dated:  September 5, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 5, 2012, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer_____
        Case Manager